UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY A. WIVELL, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-07-1195 |
| | : | |
| JUDGE MICHAEL A. GEORGE, | : | (Judge McClure) |
| | : | |
| Defendant | : | |

**MEMORANDUM**

July 9, 2007

**Background**

Jay A. Wivell ("Plaintiff"), an inmate presently confined at the Adams County Correctional Facility, Gettysburg, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint is accompanied by an *in forma pauperis* application. For the reasons set forth below, Wivell's action will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

Named as sole Defendant is the Honorable Michael A. George of the Adams County Court of Common Pleas. Wivell states that on September 24, 2004, his wife filed a Protection From Abuse petition ("PFA") against him. The

Plaintiff was subsequently taken into custody and held without bail.  A hearing on the PFA petition was purportedly held before Judge George on November 15, 2004.  Wivell asserts that Judge George acted improperly in granting his wife's PFA petition.

His complaint also challenges the legality of a subsequent criminal sentence which was imposed by Judge George following his guilty plea to a charge of criminal trespass.  Wivell next states that Judge George allegedly failed to take corrective action when a mental health evaluation which the Defendant had ordered was not performed.  Plaintiff next seeks relief with respect to a contempt of court finding and resulting sentence by Judge George.  The Complaint seeks monetary damages as relief.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*.  § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by

persons wishing to proceed *in forma pauperis* may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1]  In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

It is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties. Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

against a judge based on an exercise of judicial power).  Consequently, since the claims against Judge George are based on actions taken by the Defendant in the exercise of his official duties, i.e., determinations made during the Plaintiff's civil and criminal proceedings in the Adams County Court of Common Pleas, Judge George is entitled to absolute immunity from monetary damages.

Furthermore, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.  Furthermore, based on the nature of Wivell's allegations, a finding in his favor would imply the invalidity of his Adams County criminal prosecution[s] before Judge George.  See  Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2  (D.N.J.  Aug. 16, 2005).

Thus, Wivell's request for compensatory damages with respect to the

challenged actions taken by Judge George during the course of Plaintiff's criminal proceedings is premature under <u>Heck</u> and <u>Gibson</u> because his present cause of action for monetary damages must be deferred until his underlying state criminal prosecution[s] are rendered invalid.  If Plaintiff is able to successfully challenge his Adams County criminal dispositions, under <u>Heck</u>, he could reassert his claim for damages in a properly filed civil rights complaint.  Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  An appropriate Order will enter.

      s/   James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY A. WIVELL, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL NO. 4:CV-07-1195 |
| : | |
| JUDGE MICHAEL A. GEORGE, : | (Judge McClure) |
| : | |
| Defendant : | |

## **ORDER**

July 9, 2007

In accordance with the accompanying Memorandum**, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I).

2. The Clerk of Court is directed to close the case.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

    s/   James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge